```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

EVAN KAKUGAWA,                    )   Civil No. 07-00337 SOM-KSC
                                  )
            Petitioner,           )
                                  )
      vs.                         )   ORDER DENYING PETITIONER'S
                                  )   MOTION FOR RECONSIDERATION OF
ROBERT ADAMS,                     )   MAGISTRATE JUDGE'S
                                  )   RECOMMENDATION OF DISMISSAL
            Respondent.           )
_____   )
```

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RECOMMENDATION OF DISMISSAL

I.      INTRODUCTION.

*Pro se* Petitioner Evan Kakugawa, a Hawaii prisoner incarcerated at Saguaro Correctional Facility in Eloy, Arizona, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus ("Petition").  On October 18, 2007, Magistrate Judge Kevin S.C. Chang issued his Findings and Recommendation to Deny Petition with Prejudice ("F&R").  On November 13, 2007, this court adopted the F&R.  That same day, the Clerk of Court entered Judgment.

After Judgment was entered, Kakugawa filed the instant Motion for Reconsideration of Magistrate's Recommendation for Dismissal.[1]  Unbeknownst to the court, however, prior to October 26, 2007, Kakugawa was transferred from Tallahatchie Community

---

[1] The court liberally construes Kakugawa's pleading as an objection to the F&R (hereinafter "Objection").

1

Correctional Facility in Tutwiler, Mississippi, to Saguaro Correctional Facility. Kakugawa stated that he did not receive a copy of the F&R until October 26, 2007. Although Kakugawa filed his Objection thirty days after the F&R was issued, given his prison transfer the court accepts the filing as timely. After a de novo review of the record, this court DENIES Kakugawa's Objections to the F&R. The court sees no reason to revisit its November 13, 2007, Order adopting the F&R.

II.     STANDARD.

Any party may object to a Magistrate Judge's case-dispositive proposed order, findings, or recommendation. 28 U.S.C. § 636(b)(1)(B); Local Rule 74.2; Kaluna v. Iranon, 952 F. Supp. 1426, 1429 (D. Haw. 1996), aff'd, 131 F.3d 146 (9th Cir. 1997), cert. denied, 523 U.S. 1083 (1998). The district court must make a de novo determination of those portions of the Magistrate Judge's findings to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(B); Local Rule 74.2; accord Kaluna, 952 F. Supp. at 1429.

De novo review means the court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). Thus, although the district court

2

need not hold a de novo hearing, the court's obligation is to arrive at its own independent conclusion.  United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); see also Local Rule 74.2.

III.   BACKGROUND FACTS.

The court incorporates the facts set forth in the F&R, as Kakugawa is not challenging or objecting to those facts.

IV.    ANALYSIS.

The F&R recommended that Kakugawa's Petition be denied. Specifically, the F&R recommended that Grounds One, Two, and Four of Kakugawa's Petition be denied on their merits, while Grounds Three, Five and Six be dismissed as procedurally barred from federal review.  Although it is unclear from Kakugawa's objection, he appears to object to the Magistrate Judge's determinations as to Grounds One, Two, Three, Five and Six. Kakugawa, however, presents no discussion about his specific objections.  Instead, Kakugawa merely restates the grounds for relief set forth in his Petition and cites several Supreme Court cases, some of which bear no relevance to his claims, but rather only generally support relief from improper trial procedures. The court nevertheless reviews the issues de novo.

   A.   Ground One.

Kakugawa claims that his right to confront witnesses against him guaranteed by the Sixth Amendment to the United

States Constitution was violated.  Kakugawa argues that his Sixth Amendment right was violated when Judge Marie Milks, in state court proceedings, apparently relied on testimony from Brandie Gouveia, who neither testified in person nor by stipulation at Kakugawa's trial, in connection with Kakugawa's conviction.

The F&R recommended dismissal of Kakugawa's claim on the grounds that the oral and stipulated testimony actually presented at Kakugawa's trial was substantially similar to any testimony Judge Milks attributed to Brandie Gouveia.  Therefore, any misplaced reliance on Brandie Gouveia's testimony was harmless error and had no "substantial and injurious effect or influence in determining" whether Kakugawa was guilty.  See Brecht v. Abrahamson, 507 U.S. 619, 623 (1993).

This court has examined the issue de novo and has determined that the Magistrate Judge is correct on this point.  Kakugawa has presented no reason to reconsider the F&R.  Kakugawa cites Pointer v. Texas, 380 U.S. 400 (1968), and Delaware v. Van Ardall, 475 U.S. 673 (1986), for the proposition that failure to allow the accused the right to confront the witnesses against him is a violation of his Sixth and Fourteenth Amendment rights.  Kakugawa, however, fails to show that any misstatement or error by Judge Milks had a "substantial and injurious effect or influence" on his conviction.  This court agrees that any error committed by Judge Milks in relying on Brandie Gouveia's

4

testimony had no "substantial and injurious effect or influence in determining" Kakugawa's guilt. Accordingly, Ground One remains DENIED with prejudice.

  B. <u>Ground Two.</u>

 Kakugawa argues that the "Trial Court erred using the incorrect criteria to determine the 'state of mind' for second degree murder." Pet. at 7. Kakugawa says that Judge Milks's reliance on the incorrect standard constituted a violation of his due process rights. The F&R recommended that this claim be denied with prejudice. The F&R determined that any possible misstatement of the law had no substantial and injurious effect on Kakugawa's conviction, given the other evidence presented.

 This court has examined the issue <u>de novo</u> and has determined that the Magistrate Judge is correct on this point. Kakugawa has presented no reason to reconsider the F&R. Kakugawa's Objection cites no facts or case law in support of his argument and does not specifically address the Magistrate Judge's conclusion in the F&R. Accordingly, Ground Two remains DENIED with prejudice.

  C. <u>Ground Three.</u>

 Kakugawa complains that there was insufficient evidence of intent to support his conviction for Murder and Attempted Murder. The F&R determined that Kakugawa failed to raise this claim as a federal claim in the state court. Although Kakugawa

presented his claims to the ICA and the Hawaii Supreme Court, he relied exclusively on state statutory and case law.  At no time did Kakugawa point to any constitutional provision or federal law in support of his claim.  The F&R recommended that Kakugawa's claim be denied as procedurally barred from federal review.

The court has examined the issue de novo and agrees with the F&R on this point.  Kakugawa has presented no reason to reconsider the F&R.  Kakugawa does not expressly agree or disagree with the finding that he failed to present his claim as a federal claim to the state court.  In his objection, Kakugawa makes no reference to the Magistrate Judge's determination.  He fails to demonstrate any cause for his procedural default of this claim.  He presents no reason for his failure to raise this claim as a federal issue and identifies no objective external factor that impeded him from doing so.  Kakugawa also fails to show that this claim requires federal review to prevent a fundamental miscarriage of justice.  Accordingly, Ground Three remains DISMISSED with prejudice as procedurally barred from federal review.

        D.    <u>Ground Five.</u>

Kakugawa argues that his rights to due process and a fair and impartial trial were violated when Judge Milks erroneously chose not to recuse herself.  Kakugawa states that

Judge Milks relied on evidence presented to her during the trial of his co-defendant Lamaar Richardson.

As with Ground Three, the F&R determined that Kakugawa failed to present this claim as a violation of his federal constitutional rights to due process or to a fair and impartial trial to the state courts.  Again, Kakugawa has failed to provide this court with any reason to reconsider the F&R.  Other than restating Ground Five, Kakugawa presents no specific objection the Magistrate Judge's findings.  Ground Five remains DISMISSED with prejudice as procedurally barred from federal review.

    E.    <u>Ground Six.</u>

Kakugawa claims that his trial counsel was ineffective in convincing Kakugawa to waive his right to a jury trial and in "many ommissions [sic], mistakes and misinformation."  Pet. at Add. to 11.  The F&R concluded that Kakugawa not only failed to present this claim as a federal claim to the state court, but also that he explicitly rejected the federal standard of review for ineffective assistance of counsel.  Aside from restating Ground Six, Kakugawa makes no specific objection to the F&R regarding this claim.  The court has nonetheless examined the issue <u>de novo</u> and agrees with the conclusion of the F&R on this point.  Ground Six remains DISMISSED with prejudice as procedurally barred from federal review.

IV.     CONCLUSION.

For the foregoing reasons, the court denies Kakugawa's Objections to the F&R.  The court will not revisit its November 13, 2007, Order adopting the F&R.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 19, 2007.



   /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Kakugawa v. Adams, Civil No. 07-00337 SOM-KSC; ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RECOMMENDATION OF DISMISSAL; hmg\Habeas 07\Kakugawa 07-337 SOM (dny obj)